THE F. F. EAST COMPANY, INC., complainant-respondent,

*v.*

UNITED OYSTERMEN'S UNION 19600 et al., defendants-appellants.

[Argued May 23d, 1941. Decided September 19th, 1941.]

*Mr. J. Peter Davidow* (*Mr. LeRoy W. Loder,* of counsel), for the complainant-respondent.

*Mr. William J. Egan* (*Mr. Robert L. Hood* and *Mr. Thomas L. Parsonnet,* of counsel), for the defendants-appellants.

*Messrs. Isserman, Isserman & Kapelsohn* (*Mr. Abraham J. Isserman* and *Mr. Shad Polier* (of the New York bar), of counsel), on brief *amicus curiæ.*

The opinion of the court was delivered by

PORTER, J.

The complainants entered into a written contract with the defendant union concerning the terms and conditions of work

of its employees and providing that all employees "shall be members of the local union and only members with paid up due books or those with original permit cards issued by an officer of the local union, shall continue to work."

The complainant is engaged in shucking, packing and marketing of oysters in the Delaware Bay area in this state. It appears that other employers engaged in the same business in that area have likewise entered into similar closed shop contracts with the defendant. In all, contracts were made with 95% of those so engaged.

The complainant seeks to have the contract declared null and void on the allegations that "the said alleged contract is illegal and void, since it is an unreasonable and improper restraint of trade, in that it is part of the general scheme to maintain a monopoly of the labor market in the entire oyster industry and confine all employment to members of a union, and then only to members of defendants' union; that as a result of said alleged restraint of trade, defendants are engaged in an unlawful conspiracy to injure complainant's good will, trade and industry."

The learned Vice-Chancellor who heard the case concluded that the closed shop provision of these contracts were monopolistic and void as against public policy. This appeal is from the order so advised.

It appeared that the majority of the workers in the oyster industry in the said area are negroes, most of whom come from Virginia and the eastern shore of Maryland and that a substantial number of them return to this state annually for employment for the season. It follows as the Vice-Chancellor stated in his opinion—"It is quite apparent * * * that if this migratory labor class were not organized and protected by some means, the tendency might well be to take advantage of their dependency by low wages, long hours and poor working conditions." It also appeared that while employment was restricted to members of the Union or those holding permits that in fact the employer was free to employ others temporarily until the permit or membership card could be obtained and that the employer's business was not delayed or inconvenienced.

The pertinent question for solution is whether this contract was an illegal one. We conclude that it was not.

This court held in the recent case of *Kingston Trap Rock Co.* v. *International, &c., Local 825, 129 N. J. Eq. 570,* that workmen might in good faith sell their labor individually or in combination without limit in furtherance of an economic advantage to themselves. That it is not the size of the union that taints it with illegality but rather the unlawful means or objects—the abuse of the power thereby given—that brings it within the condemnation of the law. In the instant case the facts and circumstances establish the good faith of the workers and that the agreement worked out an economic advantage to them and that no unlawful means or abuse of power was shown. *Cf. Bayonne Textile Corp.* v. *American Federation of Silk Workers, 116 N. J. Eq. 146; Heyl* v. *Culinary Alliance, &c., 126 N. J. Eq. 320; Dolan Dining Co., Inc.,* v. *Cooks' and Assistants' Union, &c., 126 N. J. Eq. 321; Lora Lee Dress Co., Inc.,* v. *International Ladies Garment Workers Union, &c., 129 N. J. Eq. 368.*

Moreover the contract is not against public policy. The National Labor Relations Act specifically authorized closed shop contracts. *49 Stat. 449* (at *p. 452*) ; *29 U. S. C. § 158.* This act is applicable in the instant case because the complainants are admittedly engaged in interstate commerce. Our legislature has likewise declared such contracts lawful as a matter of public policy. *N. J. S. A. 2:29-77.1* provides that no injunction shall issue prohibiting requirements that "all employees of a particular employer or group of employers shall be members of a particular labor organization." That clearly refers to closed shop contracts.

The contract under review being entirely lawful it follows that the order appealed from be reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Colie, Dear, Wells, WolfsKeil, Rafferty, Hague, Thompson, JJ. 15.